Jason L. Solotaroff (JS-5739)
GISKAN, SOLOTAROFF & ANDERSON, LLP
11 Broadway, Suite 2150
New York, New York 10004
212-847-8315

Rachel Schwartz (RS-4372)
SCHWARTZ & THOMASHOWER, LLP
115 Broadway, Suite 1505
New York, New York 10006
212-227-4300

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

LARRY POUNCY,

        Plaintiff,

                                                      06 CV 4777 (RPP)

        v.                              **AMENDED COMPLAINT**

DANKA OFFICE IMAGING COMPANY,        Jury Trial Demanded

        Defendant.

-----------------------------------------------------------------x

**PRELIMINARY STATEMENT**

    1.    This is an action brought by Plaintiff Larry Pouncy against Defendant Danka Office Imaging Company ("Danka") for race discrimination and retaliation under federal and New York City anti-discrimination laws and for interference with prospective business relations.

## JURISDICTION

2. This Court has jurisdiction over this action based on the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq.

3. This Court also has jurisdiction of this action pursuant to 42 U.S.C. § 2000e et seq and 29 U.S.C. §626. A complaint containing Plaintiff's discrimination charges was filed with the United States Equal Employment Opportunity Commission ("EEOC") on June 23, 2004. On March 16, 2006, the EEOC issued Mr. Pouncy a Notice of Right-to-Sue. Said Notice is attached as Exhibit A to this Complaint. On May 12, 2006, Plaintiff filed a pro se complaint with this Court. That complaint is attached as Exhibit B to this Complaint.

4. This Court also has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1343.

5. This Court has jurisdiction over the claims under state and local law pursuant to 28 U.S.C. §1367.

6. Venue is properly before this Court pursuant to 28 U.S.C. §1391(b) and (c), 42 U.S.C. §2000e-5(f)(3) on the ground that Danka resides in this District.

## THE PARTIES

7. Plaintiff Larry Pouncy is a 50 year old African-American male who resides in Queens, New York.

8. Defendant Danka is a Delaware corporation with a place of business at 90 Park Avenue, New York, New York. Danka provides sales and service of office imaging equipment to businesses throughout the United States.

## THE FACTS

9. Plaintiff, an experienced sales professional, was hired by Danka in December 1999 as a Senior Sales Representative ("SSR"). Plaintiff was hired to work out of Danka's Port Washington office, which is a satellite of Danka's Manhattan office.

10. The SSR position is an junior-level position at Danka. SSRs are not assigned accounts and sell to businesses in specific territories who do not already have relationships with Danka.

11. Shortly after Plaintiff was hired as a SSR at Danka, he learned that a white male with similar experience to him was hired by Danka as a Named Account Executive ("NAE").

12. The NAE position is senior to the SSR position at Danka. NAEs receive higher base salaries and higher commission payments than SSRs.

13. NAEs are assigned Named Accounts. Some of the Named Accounts are businesses with existing relationships with Danka and some are only prospective clients. Danka classifies the Named Accounts by Machines In Field ("MIF") – that is the number of imaging machines the business uses. The Named Accounts range from small businesses with only a few MIF to larger businesses with hundreds of MIF.

14. In addition, Danka assigns its NAEs to geographic territories in which its Named Accounts are located.

15. In approximately January 2001, Plaintiff began complaining to his immediate supervisor, Bob Chase and Danka's Divisional Vice-President, Rick Pirotta, that Danka had discriminated against him based on his race by not offering him the NAE position when it hired

him. Plaintiff also requested that he be promoted to NAE. In March 2001, Mr. Pirotta arranged for a special payment to be made Plaintiff so that Plaintiff "did not go to a lawyer."

16. On July 1, 2001, based on Plaintiff's superlative sales record as a SSR, Danka promoted him to the NAE position. In his first year as a NAE, Plaintiff was extremely successful and earned approximately two times his base salary in commissions.

17. Thereafter, however, Danka has consistently retaliated against Plaintiff for his previous complaint of discrimination and discriminated against Plaintiff in favor of white employees in the following respects, among others:

- A. Allocating Plaintiff's Named Accounts so that the total MIF among Plaintiff's Named Accounts was considerably less than the total MIF in the Named Accounts of similarly situated white employees;
- B. Permitting similarly situated white employees to do business with and earn commissions from especially profitable accounts in Plaintiff's territory but preventing Plaintiff from doing business and earning commissions in the territories of similarly situated white employees;
- C. Removing Named Accounts for Plaintiff and providing them to similarly situated white employees;
- D. Providing Plaintiff with a list of new potential contacts that was comprised completely of "minority owned businesses." On information and belief, similarly situated white employees were not provided lists of potential clients segregated by race;
- E. Failing to provide Plaintiff a proportionate share of Named Accounts belonging to NAEs who had left Danka and instead assigning those accounts to similarly situated white NAEs;
- F. Failing to provide Plaintiff with the partial commission payments Danka's company policy dictated should have been made when another NAE made a sale of machines into Plaintiff's territory but providing similarly situated white NAEs with those payments;
- G. Paying Plaintiff lower base compensation than similarly situated white NAEs.

    H. Providing Plaintiff with significantly less sales support from managerial personnel than that provided to similarly situated white employees.

18. As a result of Danka's discriminatory treatment of him, Plaintiff's sales opportunities and compensation were drastically reduced.

19. Plaintiff made several complaints to Danka about its discriminatory treatment of him. Despite the complaints, Danka did not correct or remedy the discrimination.

20. On June 21, 2004, Plaintiff filed a written complaint alleging retaliation and race discrimination against Danka with the Equal Employment Opportunity Commission ("EEOC").

21. Immediately after Plaintiff's EEOC complaint, Danka intensified its retaliation against Plaintiff by imposing a series of unwarranted disciplinary sanctions against Plaintiff, the first of which was imposed nine days later. Danka also treated Plaintiff differently from similarly situated employees who had not opposed discrimination. This disparate treatment included having Danka Human Resources staff sit in on routine business meetings involving Plaintiff, instructing Danka staff to not speak to Plaintiff about certain topics, and imposing unwarranted disciplinary sanctions on Plaintiff.

22. Danka's discrimination and retaliation resulted in its discharge of Plaintiff on December 20, 2004.

23. Plaintiff has suffered significant damages, including lost wages and severe emotional distress, as a result of Danka's discriminatory and retaliatory treatment of him.

## FIRST CLAIM FOR RELIEF
(Race Discrimination in violation of Title VII)

24. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

25. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race and ultimately discharged him on account of his race all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

## SECOND CLAIM FOR RELIEF
(Retaliation in Violation of Title VII)

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

27. Defendant discriminated against and discharged Plaintiff because of his opposition to discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

## THIRD CLAIM FOR RELIEF
(Race discrimination in violation of 42 U.S.C. §1981)

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

29. Defendant willfully and intentionally discriminated against Plaintiff in the terms and conditions of his employment, harassed, intimidated, retaliated against and ultimately discharged him on account of his race all in violation of 42 U.S.C. §1981.

## FOURTH CLAIM FOR RELIEF
(Race Discrimination in Violation of New York City Human Rights Law)

30.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 above as if fully set forth herein.

31.     Defendants harassed, discriminated against, discharged, and retaliated against Plaintiff in compensation and in terms, conditions and privileges of employment on account of his race in violation of New York City Administrative Code §8-107.

## FIFTH CLAIM FOR RELIEF
(Retaliation in Violation of New York City Human Rights Law)

32.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 above as if fully set forth herein.

33.     Defendants harassed, discriminated against, discharged, and retaliated against Plaintiff in compensation and in terms, conditions and privileges of employment on account of his opposition to race in violation of New York City Administrative Code §8-107.

**WHEREFORE**, Plaintiff demands judgment:

A.  Requiring Defendant to reinstate Plaintiff to a full-time position with the salary and other benefits he had prior to Defendant's discrimination and retaliation;

B.  On account of Defendant's intentional conduct, enjoining Defendants, upon Plaintiff's reinstatement, from harassing or discriminating against Plaintiff on the basis of race, in the terms and conditions of his employment;

C.  On account of Defendant's intentional conduct, awarding back pay;

D.  On account of Defendant's intentional conduct, awarding Plaintiff compensatory damages, including but not limited to damages for emotional distress;

F.  On account of Defendant having engaged in discriminatory conduct with malice and reckless indifference to Plaintiff's rights, awarding Plaintiff punitive damages;

G.  Awarding reasonable attorneys' fees, costs and expenses; and

H.  Granting such other legal and equitable relief as the Court may deem just and equitable.

Dated: New York, New York
       September 27, 2007

                                GISKAN, SOLOTAROFF & ANDERSON, LLP

By:_____
    Jason L. Solotaroff (JS-5739)
    11 Broadway, Suite 2150
    New York, New York  10004
    212-847-8315

SCHWARTZ & THOMASHOWER, LLP

    Rachel Schwartz (RS-4372)
    115 Broadway, Suite 1550
    New York, New York 10007
    212-227-4300

ATTORNEYS FOR PLAINTIFF

<u>JURY DEMAND</u>

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated: New York, New York
September 27, 2007

                        GISKAN, SOLOTAROFF & ANDERSON, LLP.

                        By:_____
                            Jason L. Solotaroff (JS-5739)
                            11 Broadway, Suite 2150
                            New York, New York  10004
                            212-847-8315

                        SCHWARTZ & THOMASHOWER, LLP

                            Rachel Schwartz (RS-4372)
                            115 Broadway, Suite 1550
                            New York, New York 10007
                            212-227-4300

                        ATTORNEYS FOR PLAINTIFF