UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LARRY POUNCY,

                                          06 CV 4777 (RPP)

                Plaintiff,

        -against -

                                  **OPINION & ORDER**

DANKA OFFICE IMAGING,

                Defendant.
------------------------------------------------------X
**ROBERT P. PATTERSON, JR., U.S.D.J.**

      In an opinion and order filed on May 19, 2009, and entered on May 28, 2009, this

Court granted in part and denied in part Defendant's motion for summary judgment. <u>See</u>

<u>Pouncy v. Danka Office Imaging</u>, 2009 U.S. Dist. LEXIS 44752 (S.D.N.Y. 2009).  On

June 16, 2009, Defendant filed a motion pursuant to Local Civil Rule 6.3 for partial

reconsideration of this Court's order.[1]  Specifically, Defendant asks this Court to grant

summary judgment on Plaintiff's retaliation claim related to his termination.

      To prevail on a motion for reconsideration, the movant must demonstrate that a

court overlooked factual matters or controlling decisions "that might reasonably be

expected to alter the conclusion reached." <u>Wechsler v. Hunt Health Sys., Ltd.</u>, 285 F.

Supp. 2d 343, 346 (S.D.N.Y. 2003) (quotation omitted); <u>see also</u> <u>Shrader v. CSX Transp.</u>,

<u>Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). A party may not seize upon the motion for

---

[1] Local Civil Rule 6.3 provides that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion…"  Accordingly, as the order here was entered on May 28, 2009, under Federal Rule of Civil Procedure 6(a)(2) providing for the computation of time (<u>see</u> Local Civil Rule 6.4), Defendant's motion for reconsideration was due in Court on June 11, 2009.  As Defendant's motion was filed on June 16, 2009, it is  untimely.  Nonetheless, because Plaintiff neglected to raise timeliness issues in his brief in opposition to this motion, the Court will answer this motion on the merits.

reconsideration as an opportunity to "advance new facts, issues or arguments not previously presented to the court." Abrahamson v. Bd. of Educ. of Wappingers Cent. School Dist., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002) (internal quotations omitted). Moreover, because a motion for reconsideration "is not a substitute for appeal," Morales v. Quintiles Transnational Corp., 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998) (citations omitted), the legal standard "must be narrowly construed and strictly applied so as to dissuade repetitive arguments on issues that have been considered fully by the court." Hoffenberg v. Hoffman & Pollok, 296 F. Supp. 2d 504, 505 (S.D.N.Y. 2003) (quotation and citation omitted).

The crux of Defendant's argument is that in deciding Defendant's motion for summary judgment, the Court overlooked facts and law which would have led the Court to conclude that Plaintiff had failed to establish a *prima facie* of retaliation. To put forth a prima facie case of retaliation, Plaintiff must show that he: 1) engaged in protected activity; 2) Danka was aware of the activity; 3) that an adverse employment action was taken against Plaintiff, and; 4) that there was a causal connection between the protected activity and the adverse employment action. Schiano v. Quality Payroll Systems, 445 F.3d 597, 608 (2d Cir. 2006). Plaintiff's burden at this stage is *de minimis.* See, e.g., Woodman v. WWOR-TV, Inc., 411 F.3d 69, 76 (2d Cir. 2005).

In determining Defendant's motion for reconsideration, it is important to keep in mind that summary judgment is appropriate only if the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In determining whether a genuine issue of material fact exists, this Court must "resolve all

ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004). And while the party opposing summary judgment "may not rely on mere conclusory allegations nor speculation" in support of its factual assertions, D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998), "all that is required [from a non-moving party] is that sufficient evidence supporting the claimed factual dispute be shown to require [the fact finder] to resolve the parties' differing versions of the truth at trial." McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 1996). The Second Circuit has repeatedly emphasized "the need for caution about granting summary judgment to an employer in a discrimination case..." Holcomb v. Iona College, 521 F.3d 130, 137 (2d Cir. 2008) (citations omitted).

Here, Defendant first takes issue with the Court's determination that Plaintiff's October 21, 2004 email to Jacqueline Gayle-Kelly, the "Corporate Counsel, EEO, Diversity Compliance & Training" manager at Danka, constituted protected activity, which is an action taken to protest or oppose statutorily prohibited discrimination. Cruz v. Coach Stores, 202 F.3d 560, 566 (2d Cir. 2000); see also Galdieri-Ambrosini v. Nat'l Realty and Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1996) (Plaintiff need not establish that the conduct he opposed was actually a violation of Title VII, he must establish that he "possessed a 'good faith, reasonable belief that the underlying employment practice was unlawful' under that statute.")

Defendant is correct, and as the Court stated in its May 22, 2009 opinion, that Defendant's e-mail to Danka management, which took issue with Danka's sick-leave policy, was not a direct complaint about protected activity. (Solotaroff Aff., Ex. R.) See,

e.g., Ochei v. Coler/Goldwater Memorial Hosp., 450 F. Supp. 2d 275, 287 (S.D.N.Y. 2006) (plaintiff's general complaints about her working conditions did not constitute engaging in a protected activity where plaintiff did not allege she was a victim of discrimination).

However, there was sufficient indication of good-faith complaints of discrimination in the email chain and the surrounding context such that a reasonable jury could find that it was protected activity.  In that regard, by threatening to take the emails to the EEOC and by alleging that this was part of a "consist[ent]" pattern of behavior by Danka (when taking into account that Defendant had repeatedly complained of discrimination in the past), a reasonable jury could find this to be protected activity. Further, that Defendant was making his claim to the "Corporate Counsel, EEO, Diversity Compliance & Training" manager located in St. Petersburg, Florida, and not to his local human resources manager, evinces that this was a complaint of discrimination.  See, e.g., Bandhan v. Laboratory Corporation, 234 F. Supp. 2d 313, 320 n.10 (S.D.N.Y. 2002) (stating that it was a question of fact for the jury as to whether conduct engaged in was protected activity); see also Braunstein v. Barber, 2009 U.S. Dist. LEXIS 32536, *30 (S.D.N.Y. 2009) ("question of fact exists regarding whether plaintiff engaged in protected activity").  Accordingly, Defendant's motion for reconsideration on this ground is denied.

Next, Defendant argues that Plaintiff failed to establish the "knowledge" prong of the *prima facie* case because there is no proof that either "Redler or Pirrotta (the managers of the Port Washington branch of Danka who were ultimately responsible for Plaintiff's termination) was aware of the October 21st email at the time of his

termination." However, as the Second Circuit held in <u>Gordon v. New York City Bd. of Education</u>, 232 F.3d 111, 116 (2d Cir. 2000), "[n]either this nor any other circuit has ever held that, to satisfy the knowledge requirement, anything more is necessary than general corporate knowledge that the plaintiff has engaged in protected activity." <u>Followed by Patane v. Clark</u>, 508 F.3d 106, 115 (2d Cir. 2007); <u>see also</u> <u>Reed v. A.W. Lawrence & Co.</u>, 95 F.3d 1170, 1178 (2d Cir. 1996) (finding knowledge requirement "easily proved" because the corporate entity was aware of plaintiff's complaints); <u>Alston v. New York City Transit</u>, 14 F. Supp. 2d 308, 311 (S.D.N.Y. 1998) ("to satisfy the second prong of her retaliation claim [knowledge], plaintiff need not show that individual decision-makers within the NYCTA knew that she had filed … [an] EEOC complaint."). Defendant's reliance on <u>Woodman v. WWOR-TV</u>, 411 F.3d at 89 is misplaced because the particular knowledge contested in <u>Woodman</u> concerned whether the defendant had the intent to discriminate as part of a discrimination claim, and not whether the plaintiff fulfilled the knowledge prong of a *prima facie* retaliation case.

Finally, even if the October 21, 2004 email to Danka management did not constitute protected activity, Plaintiff has still put forth a *prima facie* case of retaliation related to his termination. It is undisputed that Plaintiff filed a complaint alleging racial discrimination with the EEOC in June 2004, which was protected activity, and that Defendant knew about this complaint. From the time of Plaintiff's complaint, four months passed between when Plaintiff was selected for termination (Solotaroff Aff. Ex. N [internal Danka email]), and two months after that, Plaintiff was terminated. <u>See</u> <u>Alston</u>, 14 F. Supp. 2d at 312-13 ("proof of a causal connection can be shown merely by the proximity in time between the protected activity and the adverse employment action")

(citing <u>Manoharan v. Columbia Univ. College of Physicians and Surgeons</u>, 842 F.2d 590, 593 (2d Cir. 1988)).

This Court cannot find as a matter of law that no reasonable juror could infer that there was a causal connection between Plaintiff's protected activity and Defendant's termination of Plaintiff six months later, especially when Defendant had apparently made the decision to terminate him only four months after his protected activity.  <u>See</u> <u>Espinal v. Goord</u>, 554 F.3d 216, 228 (2d Cir. 2009) (noting that the Court of Appeals has not drawn a "bright line" defining how long is too long to establish a causal connection and finding that six month time period was sufficient to support inference of causation); <u>Blanco v. Brogan</u>, 2009 U.S. Dist. LEXIS 42773, *21-22 (S.D.N.Y. 2009) (citing cases therein describing how four to five month time period between protected activity and adverse employment action could establish causal connection); <u>Allen v. J.P. Morgan Chase & Co.</u>, 2009 U.S. Dist. LEXIS 29116, *38 (S.D.N.Y. 2009) (finding question of fact as to causal connection where the defendant "gave the plaintiff the allegedly inferior assignments six months after his first internal complaint and four months after he filed his EEOC charge.")  Accordingly, even without the evidence of the October 21, 2004 email, Defendant has fulfilled his *de minimis* burden of establishing a *prima facie* case of retaliation.

In sum, although Plaintiff may not be able to establish at trial the merits of his retaliation claim, the Court cannot conclude before trial that there is insufficient evidence that would permit a reasonable jury to return a verdict for Plaintiff.  <u>See</u> <u>Mitchell v. Shane</u>, 350 F.3d 39, 47 (2d Cir. 2003); <u>see also</u> <u>Anderson v. Liberty Lobby</u>, 477 U.S.

242, 248 (1986) (dispute regarding a material fact is genuine if the evidence is such that a reasonable finder of fact could return a verdict for the nonmoving party).

Defendant's motion for partial reconsideration is DENIED. The parties are reminded that their joint pre-trial order is due in Court on July 9, 2009, and that trial will commence on July 20, 2009. The parties are also ordered to come into Court for a pre-trial conference on Friday, July 10, 2009 at 3:00 p.m.

IT IS SO ORDERED.

Dated: New York, New York
July 2, 2009

Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Opinion and Order faxed to:

Attorney for Plaintiff
Jason L. Solotaroff
Giskan, Solotaroff & Anderson, LLP
11 Broadway, Suite 2150
New York, New York 10004
Fax: 646 520 3235

Attorneys for Defendant
Jeffery D. Mokotoff
Elana Gilaad
Ford and Harrison LLP
100 Park Avenue, Suite 2500
New York, NY 10017
Fax: 212 453 5959

7