```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LARRY POUNCY,

                      Plaintiff,         06CV4777 (RPP)

   - against -              **OPINION AND ORDER**

DANKA OFFICE IMAGING CO.,

                      Defendant,
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      By motion dated August 20, 2009, Plaintiff Larry Pouncy moves for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure and seeks an order granting a new trial pursuant to Fed. R. Civ. P. 59(a). Plaintiff also moves that the Court alter or amend its judgment in accordance with Fed. R. Civ. P. 59(e). For the reasons that follow, Plaintiff's motions are denied.

## I. BACKGROUND

      After obtaining a right to sue letter from the Equal Employment Opportunity Commission, Plaintiff instituted an action for employment discrimination and retaliation against his former employer, Danka Office Imaging Company in 2006. On August 6, 2009, a jury returned a verdict in favor of the Defendant as to both claims.

## II. DISCUSSION

### A. Plaintiff's Motion Pursuant to Rule 50(a)

      Plaintiff made his motion under Rule 50(a) two weeks after the jury's verdict. Rule 50(a) provides that, prior to the submission of the case to the jury, a party may move for judgment as a matter of law. Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136

1

F.3d 276, 286 (2d Cir. 1998). Under Rule 50(b), a party may renew its motion for judgment as a matter of law as a post-trial motion. Id. at 286. Since Plaintiff did not move for judgment as a matter of law under Rule 50(a) prior to the submission of his case, the Federal Rules of Civil Procedure do not permit Plaintiff to "renew" his motion under Rule 50(b). 9B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2537 (3d ed. 1998). Accordingly, that motion is denied.

### B. Plaintiff's Motion Pursuant to Rule 59(a)(1)(A)

Plaintiff's motion for a new trial under Rule 59(a)(1)(A) relies to a great extent on his affirmation and exhibits, many of which were not offered or admitted into evidence. "[F]or a district court to order a new trial under Rule 59(a), it must conclude that the jury has reached a seriously erroneous result or…the verdict is a miscarriage of justice, i.e., it must view the jury's verdict as against the weight of the evidence." Manley v. AmBase Corp., 337 F.3d 237, 245 (2d Cir. 2003) (quotations and citations omitted). In short, the jury verdict must stand unless the movant shows that it was clearly against the weight of the evidence.

This case, as in most discrimination and retaliation cases, involved a jury's determination of the credibility of the witnesses. Indeed, in his motion for relief under Rule 59, Plaintiff relies heavily on arguments attacking the credibility of various witnesses. The credibility of witnesses, however, is the jury's domain. "A jury's credibility assessments are entitled to deference." U.S. v. Landau, 155 F.3d 93, 104-05 (2d Cir. 1998).

Plaintiff also claims that a new trial is warranted because the jury erred by returning an answer on a questionnaire conflicting with a stipulation agreed to by the

2

parties. Whether or not this claim holds merit, Plaintiff's complaint is untimely. Even where answers submitted by the jury are proven to contain inconsistencies, "[a]n objecting party…is not entitled to a new trial unless it objects before the jury is discharged." Haskell v. Kaman Corp., 743 F.2d 113, 123 (2d Cir. 1984) (citation omitted). Further, "[c]ourts have held that a party's failure to bring alleged inconsistencies in the verdict sheet to the court's attention before the jury has been discharged waives the right to have the alleged inconsistencies remedied by a new trial." U.S. Football League v. National Football League, 842 F.2d 1335, 1366 (2d Cir. 1988). Accordingly, Plaintiff's motion, brought ten days after the jury verdict and entry of judgment, is untimely and must be denied.

Plaintiff's supporting memorandum also relies on evidence that was not admitted at trial. The discovery or availability of new evidence may serve as grounds for ordering a new trial, but the movant must show that the evidence could not have been discovered or was not available at the time of the trial. Tyson v. City of New York, 81 F. App'x 398, 400 (2d Cir. 2003). Most items of testimony and exhibits Plaintiff includes in his motion were available to Plaintiff at the time of trial. Many were cited in the Court's denial of the Defendant's motion for summary judgment and could have been offered into evidence at the time of trial. In addition, Plaintiff's papers fail to show that any of the witnesses' prior testimony or exhibits would have had a material effect on the jury's verdict. Because the Plaintiff has failed to show that the evidence he relies upon is newly discovered or newly available, this argument also fails. Accordingly, the motion for a new trial, pursuant to Rule 59(a), is denied.

**C. Plaintiff's Motion Pursuant to Rule 59(e)**

Plaintiff also moves for relief pursuant to Rule 59(e), which allows a court granting a motion for a new trial to alter or amend any judgment that may have been entered prior to the motion. Since the Court has denied Plaintiff's motion for a new trial and the other relief sought by the Plaintiff, the Court will not alter or amend the judgment as prayed for by the Plaintiff.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for a new trial, for judgment as a matter of law, and for an amended judgment is DENIED.

IT IS SO ORDERED.

Dated: New York, New York
October 21, 2009

Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Opinion and Order sent to:

*Plaintiff*

Larry Pouncy
175-20 Wexford Terrace #9F
Jamaica Estates, NY 11432
Tel: (917) 859-3504

*Attorney for Defendant*

Jeffrey D. Mokotoff
Ford & Harrison LLP
100 Park Avenue, Suite 2500
New York, NY 10017
Tel: (212) 453-5900
Fax: (212) 453-5959

4